IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Zekiya Knox,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>The United States of America;<br>AMISUB of SC, INC., d/b/a Piedmont Medical Center; South Carolina Emergency Physicians, LLC; Jeffrey Warden, MD; Brian Fleet, PA; Piedmont General Surgery Associates, LLC; Alex Espinal, MD; Bret Garretson, MD; and Digestive Disease Associates,<br><br>　　　　Defendants. | C/A. No. 0:17-00036-CMC<br><br><br><br>Opinion and Order Granting<br>Plaintiff's Motion for Leave to File<br>Second Amended Complaint<br>(ECF No. 83) |

This matter is before the court on Plaintiff Zekiya Knox's ("Knox") motion for leave to file Second Amended Complaint[1]. ECF No. 83. Defendant AMISUB of SC, Inc., d/b/a Piedmont Medical Center ("PMC") opposes Knox's motion[2]. ECF No. 84. Knox filed a reply. ECF No. 85. For the following reasons, Knox's motion for leave to file Second Amended Complaint is granted.

**BACKGROUND**

Knox filed this action on January 4, 2017, alleging medical malpractice against Defendants, including a federal funded community health care center in Rock Hill, S.C. (which provides the

---

[1] Knox states the Government consented to the amendment but other Defendants did not respond to Knox's request for consent.

[2] No other Defendant filed a response to Knox's motion.

basis for this court's jurisdiction over the case). ECF No. 1. On February 16, 2017, the court entered a scheduling order, noting motions to amend pleadings were due by May 18, 2017.[3] ECF No. 10. On March 16, 2017, Knox filed a consent motion for leave to file First Amended Complaint, which was granted as unopposed. ECF Nos. 43, 44. This amendment added two Defendants to the case, Digestive Disease Associates and Bret Garretson, M.D. ECF No. 45. The deadline for motions to amend pleadings passed without additional motions.

On September 22, 2017, Knox filed the instant motion for leave to file Second Amended Complaint to add additional facts supporting her medical malpractice claim against existing Defendants. ECF No. 83. As explained by Knox, the proposed amendments would make "two primary changes to the currently operative Complaint:" 1) "to conform to the evidence recently uncovered through [discovery] . . ." and 2) "to refine the allegations against PMC to make explicit a claim that PMC's medical care of Plaintiff on May 4 through May 6, 2014, deviated and departed from the prevailing and accepted standards of medical care, particularly with regard to overdosing Ms. Knox on pressors in excess of the doctor's orders and PMC's policy, in improperly relying on a knowingly inaccurate arterial line, and in failing to report the signs and symptoms of ischemia that arose during this time." ECF No. 83-2 at 2.

---

[3] PMC cites ECF No. 78 as setting a deadline for motions to amend the pleadings as April 20, 2017. *See* ECF No. 84. However, the scheduling order entered at the outset of this case, on February 16, 2017, set the deadline to amend the pleadings as May 18, 2017. ECF No. 10. By the time ECF No. 78 was entered on June 5, 2017 (after the parties' Rule 26(f) conference), both deadlines had passed. Therefore, there was no reason to modify the original scheduling order with respect to the deadline for motions to amend pleadings. The operative scheduling order in place when the deadline to amend pleadings passed was ECF No. 10, setting that deadline at May 18, 2017.

2

Only PMC opposes the motion, arguing Knox has failed to show good cause under Rule 16(b), failed to meet the requirements of Rule 15(a) due to prejudice to PMC, and failed to show the new allegations relate back to the Amended Complaint because they do not arise out of the same conduct, transaction, or occurrence in that pleading. ECF No. 84. PMC also argues Knox's proposed amendments are futile, as the statute of limitations has run and she did not satisfy the notice of intent requirement as to this theory.

Knox's reply details communications between her attorney and counsel for PMC, showing PMC's counsel was aware as early as March 2017 of the theory advanced regarding Knox's medical care at PMC between May 4 and May 6 (hereinafter, the "pressor theory"). ECF No. 85. Therefore, Knox argues, PMC would suffer no prejudice if the amendment is allowed, because it was aware of the facts surrounding the claim well before the deadline for amendment of pleadings or the close of discovery. Knox also argues she satisfies the good cause standard for amendment of the Amended Complaint after the deadline in the scheduling order and there is no prejudice to PMC.

**STANDARD**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires." The Fourth Circuit has held "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). However, "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir.

3

2008). Therefore, the Amended Complaint may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Fed. R. Civ. P. 15(a)(2) governs relation back of amendments – whether an amendment will relate back to the filing of the original Complaint. The Fourth Circuit has required:

> First, to relate back there must be a factual nexus between the amendment and the original complaint. Second, if there is some factual nexus an amended claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment.

*Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983), *aff'd*, 468 U.S. 42, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984)

## DISCUSSION

*a. Amendment*

As the deadline for amendment of pleadings in the operative scheduling order has passed, Knox must satisfy the good cause standard to amend her Amended Complaint. The court finds Knox has demonstrated good cause.

Knox's filings demonstrate her counsel's repeated communications with PMC's counsel concerning the "pressor theory" beginning in March and continuing through summer of 2017. ECF No. 85. It is clear PMC's counsel understood the theory and even suggested Knox's counsel focus on that rather than the ER theory. ECF No. 85-2 at 12, email from PMC's counsel to Knox's counsel ("Do me a favor if you can: back off on the ER nursing care that was delivered before the May admission. I'm going to have my hands full dealing with the ICU care . . .").

4

On September 6, 2017, PMC's counsel noted Knox's Complaint "still says nothing about the Levophed[4] issue. I assume you've decided not to amend it," and Knox's counsel explained he was waiting until the doctors' depositions were complete before doing so to ensure he had all required facts. *Id.* at 15-16. The same day, PMC's counsel requested Knox "send me an amended Complaint so I can review it and give Piedmont/Tenet my recommendations. I may get permission to consent to an amendment." *Id.* at 14. Shortly thereafter Knox's counsel sent PMC's counsel the proposed Second Amended Complaint, and PMC's counsel noted he would inquire about consent to the amendment, stating:

> Thanks for sending me the new Complaint and providing me some case authority. It may be next week before I can get any kind of response from the South Florida guys. Irma shut down their office for a few days. I'll of course admit that you laid out the Levophed theory for me several months ago and that you allowed me to speak with your expert.[5]

When no consent was forthcoming, Knox filed the instant motion for leave to file Second Amended Complaint on September 22, 2017. ECF No. 83. Discovery remains open until April of 2018 – nearly six months away – and the jury selection deadline is in August of 2018.

There is no prejudice to PMC in allowing this amendment. As PMC's counsel acknowledged several times, he has known of the pressor theory since March of 2017, so there was no surprise to PMC based on a new theory of the case. While PMC argues this "brand new theory involving new witnesses" would cause prejudice, as the court noted above, discovery

---

[4] Levophed is a vasopressor, or pressor, medication.

[5] Knox cites this email as attached in ECF No. 85-2 at 14; however, the email does not appear to have been included within this exhibit.

5

remains open in this case for nearly six more months. This is no "brand new theory involving new witnesses." It, instead, is the primary theory against PMC pursued by Plaintiff since March 2017. Therefore, the court will allow Knox to file her Second Amended Complaint.

   b. *Relation Back*

Knox argues her proposed amendments "fall[] squarely within the relation back rule, as the original Complaint and the proposed Amendment relate to the same course of care by the existing Defendants that began with Ms. Knox's treatment in September 2013 and which ultimately led to Ms. Knox's amputations in July 2014." ECF No. 83-2. As Knox notes, the proposed amendment does "expand" the claim of negligence against PMC to include the care provided to Knox in the PMC ICU from May 4 to May 6, 2014. PMC argues the new allegations are not the same in "time and type" as those in the original Complaint, citing *Wilson v. Carolina Power & Light Co.*, No. 4:05-cv-3597, 2009 WL 778774, at *4 (D.S.C. March 20, 2009)[6].

However, the proposed allegations clearly relate to Knox's medical care during the time alleged to have caused damage to Knox, and there are facts regarding her care at PMC during the May admission in the original Complaint and Amended Complaint. There is a "factual nexus" between the allegations pled in the previous Complaints and those proposed now. *Grattan*, 710 F.2d at 163. In addition, PMC had notice of the claim and, as determined above, will not be prejudiced by the amendment. Therefore, the "amended claim is liberally construed to relate back

---

[6] The court notes *Wilson* found some claims did relate back: those that arise out of the plaintiff's allegedly unlawful termination, which was the action complained of in the original complaint in that case. *Id.* Claims for failure to promote, assignment of demeaning tasks, and others related to his course of employment but not his firing were deemed not to relate back. *Id.* All claims in this case relate to Knox's medical treatment by PMC in 2014.

to the original complaint." *Id.*; *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 614 (4th Cir. 1980) ("It obviously meets the test of the rule that it allege matter arising out of the same occurrence as that set forth in the original pleading, thereby insuring that the defendant knew of the action's commencement and of its nature in time to avoid any prejudice to his defense on the merits.").

Finally, PMC argues Knox did not "satisfy the notice of intent requirements as to these claims." ECF No. 84 at 10. South Carolina law requires:

> Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15-36-100, in a county in which venue would be proper for filing or initiating the civil action. The notice must name all adverse parties as defendants, must contain a short and plain statement of the facts showing that the party filing the notice is entitled to relief, must be signed by the plaintiff or by his attorney, and must include any standard interrogatories or similar disclosures required by the South Carolina Rules of Civil Procedure. Filing the Notice of Intent to File Suit tolls all applicable statutes of limitations. The Notice of Intent to File Suit must be served upon all named defendants in accordance with the service rules for a summons and complaint outlined in the South Carolina Rules of Civil Procedure.

S.C. Code Ann. § 15-79-125. Although the court does not appear to have the actual "notice of intent to sue," affidavits of medical experts were attached to the Complaint. These affidavits are required to "specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code § 15-36-100(B). Three of the affidavits in this case note they were provided in compliance with South Carolina laws "that do not require me to state all negligent acts or omissions by any Defendant." ECF Nos. 1-1 at ¶ 8; 1-2 at ¶ 7; 1-3 at ¶ 9. It is undisputed PMC received notice it was being sued by Knox for medical malpractice arising out of its treatment of Knox in 2014.

7

Therefore, the court will not deny the motion to amend as futile based on the notice of intent requirement.

## CONCLUSION

Knox has satisfied both the good cause standard in Fed. R. Civ. P. 16(b) and the amendment of the pleadings standard of Rule 15(a). Therefore, the court grants the motion for leave to file Second Amended Complaint and directs that it be filed within seven days of entry of this order. Knox's proposed amendment relates back to the filing of the original Complaint.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
October 24, 2017